May it please the Court, good morning. David McCarthy appearing on behalf of Appellants, the Lithia Defendants. I'll focus on just three points today. First, this case is nothing like the typical case in which waiver is found. None of the primary factors considered by courts for waiver purposes are found here. There's been virtually no discovery, no motions for summary judgment have been filed, and no trial date has been set. In fact, the parties are actually in agreement that this case remains in its preliminary stages. Plaintiff's counsel recently argued this exact point to the District Court, asking the District Court to decline supplemental jurisdiction. Specifically, Plaintiff's counsel argued that this case has, quote, not proceeded beyond the initial pleading stage, close quote. He also added that, quote, no discovery has been conducted on any of Plaintiff's state law claims, no summary judgment motions or other dispositive motions have been filed, no proper pretrial order has been lodged, and no trial date has been set, close quote. What's the state of the pleadings today? When you left the District, what was left of the pleadings? There was a single fraud claim on behalf of one plaintiff and Unfair Trade Practices Act claims. That's all that's left of their claims? That's correct, Your Honor. You achieved quite a bit in the District Court, then. Through motion practice, the Court determined that the plaintiffs didn't have viable claims. And then when they get to arbitration, all they've got are these two claims. Is that right? That's correct, Your Honor. Nothing else? That's correct. You did pretty well. Yes, Your Honor. But in this case, we filed our motion to compel arbitration prior to the District Court ruling on the first motion to dismiss. How long after the complaint was filed was the request for arbitration made, motion to compel arbitration made? The motion to compel arbitration was made 13 months after the complaint was first filed. We had an intervening period of time while our client obtained counsel. The parties entered into a briefing schedule. We filed a responsive motion to the plaintiff's complaint in August of 2004, at which point we specifically stated that we intended to arbitrate plaintiff's claims. The remaining claims, not, you said any claims that remain after a resolution of our motion will be arbitrated. Yes, Your Honor. At that point, we were specifically focused on the relief we were seeking based on plaintiff's counsel's violation of a protective order. However, since the motions were filed at the same time, there was the possibility the District Court would rule on the motion to dismiss at the same time. If the District Court failed to rule on the motion to dismiss, but did rule on the other relief we sought based on the violation of the protective order, we intended to immediately file a motion to compel arbitration. And that is, in fact, what happened. Well, why wouldn't you just file a motion to compel arbitration at the outset of the litigation? We actually thought that our client was entitled to seek relief for the violation of the protective order in the District Court because that's where the violation occurred. But the motion to dismiss was filed as well. Why wouldn't you just file the motion for protective order, get the relief you thought under that, and then arbitrate the claims? Your Honor, under the Federal Arbitration Act, there is no stay for the response to the complaint. So a response to the complaint was required at that time. But I don't quite understand how that answers Judge Rawlinson's question. I'm sorry? I don't understand how that answered how that, what you just said, answered Judge Rawlinson's question. We had to file the motion to dismiss in order to respond to the complaint. In doing so, we also filed the motion to strike. You could have asked the District Court for an extension in your time to file a response, a motion to dismiss? It's possible we could have done so, sir. It's possible. Of course you could have asked the District Court. Yes, Your Honor. But we did file your motion for protective order or whatever it was you were seeking. If you really wanted to arbitrate this case, you would have filed it right from the outset. Your Honor, we did research the issue before making the decision, and we didn't find any cases under similar circumstances in which a waiver was held. And we thought, particularly in this case, because we expressly stated our intention to arbitrate, that there would be no issue of waiver. It looks to me like you had it sort of like best of all possible worlds. If you file your motion to dismiss, if it was denied, you file the motion to compel arbitration. If you prevailed on your motion to dismiss, get the case narrowed down to its essence, and then file your motion to arbitrate, and then these guys are stuck with just their fraud claim and their what was the other claim they have left now? The unfair trade practices claims. Correct. Your Honor, but we were plainly not seeking to do that. We were. That ended up being the result due to various things, such as after May of 2005, when we first filed our motion to compel arbitration, which was, again, filed prior to the district court ruling on the motion to dismiss, we were seeking to arbitrate. Do you think that this practice fosters the goal of arbitration, which is quick and simple resolution of cases? You know, if we send it to arbitration now, would that be consistent with the goal of arbitration? Your Honor, neither party disputes that this case still remains in its preliminary stages. So I do believe it would foster the goal of arbitration. Do you think that's a quick and speedy resolution? I don't, Your Honor. But in considering issues of waiver, courts only look at the actions actually initiated by the party seeking arbitration. I asked you about the policy behind arbitration. I don't believe that sending the case to arbitration at this point would harm that policy in any manner. There's an overwhelming presumption in favor of arbitration, and plaintiffs bear a heavy burden to demonstrate waiver. And in this case, we've stayed from the beginning of the case that we intended to arbitrate. We filed our motion to compel arbitration prior to any ruling on the motion to dismiss. Subsequently, we, in August of 2005, specifically asked the district court for guidance with respect to filing the second motion to compel arbitration. And the district court instructed us to file the second motion to compel arbitration. The court just said if you're going to file, file both of them at once. The district court did not give you any advice on whether or not you should or shouldn't seek arbitration. It just said if you're going to file the motions, file them both at the same time. That was the extent of the district court's direction. But, Your Honor, we expressly stated at that August 2005 hearing that we had this motion to compel arbitration. We did not wish to waive that motion and suggested that we could file one or both and that the district court could rule on whichever one it saw fit. Implicit in that suggestion is that the district court wanted to decide the motion to compel arbitration. And granted that motion, there would be no need to get to the motion to dismiss. We could have been more explicit about that, but we thought, Counsel for Lithia thought that they were being adequately deferential to the court. I don't think it's fair to portray the district court as being somehow complicit in the decision as to the timing of the filing of the motion to compel arbitration. I just think that was a calendar matter that the district court was considering. Your Honor, after May 2005, the Lithia defense believed that they were simply responding to the instructions of the court. We followed that procedure. Subsequent events, including delays initiated by plaintiffs, caused those motions to be heard at different times, including the motion to dismiss to be heard prior to the motion to compel arbitration even being briefed completely. And so those subsequent delays should not be attributable to the Lithia defendants. We've asserted in everything that we filed that we intended to arbitrate plaintiffs' claims. Counsel, when I look at my district court calendar, the motion I look at first is the one that may be dispositive of the case. And if you had a motion to compel arbitration and you'd file that first and argue that first, case over. And, Your Honor, that's what we had hoped the district court would have asked us to do. Your Honor, plaintiffs were given leave to file an amended complaint, in which case our response under the federal rules would have been due 10 days later. So there wouldn't have been sufficient time to file a motion to dismiss and a motion to compel arbitration. We didn't want to be prejudiced by failing to respond to the amended complaint. How long was your motion to compel arbitration? How many pages was it? I believe it was about 14 pages, Your Honor. About 14 pages for a motion to compel arbitration? How about two? Your Honor, we were setting forth the factual background of the case. After 13 months, you felt like you had to set forth the factual background? Yes, Your Honor. Did you want to save? Yes, Your Honor. For rebuttal. Okay. Thank you, Your Honor. May it please the court, counsel, Jeff Campbell for the consumer plaintiffs and respondents in this appeal denying the motion to compel arbitration filed by the Lithia dependents. We're now five and a half years by my calendar into the initial case that was filed, which was the Phillips action in November of 2003. There was two separate actions filed, the Allen et al. action, which was filed in August of 04, and the Meyer action, which was also filed in August of 04. To answer one of the questions asked by Your Honor, the Phillips action was actually pending 18 months when they filed their first motion to compel arbitration. The Allen and Meyer actions were pending approximately 13 months when they did so. The court's order here denied arbitration in July of 2007. So we've been on appeal since that time. Clearly, as Judge Hogan found, based on his review and knowledge of this case, which he indicated the parties had and the court had expended substantial resources and time, the advantage of arbitration in terms of the prompt and final resolution of all matters cannot be afforded in this action at this time, given that record. But what's your response to opposing counsel's observation that trial hadn't been set and basically it was still motion practice? I would agree, and we did file a motion to have the district court decline supplemental jurisdiction on the sole remaining state law claims of an unlawful trade practice act violations in the Allen consolidated case and the fraud and UTBA claims in the Phillips case. Because of that initial stage, the judge denied that motion on the same basis that he denied their motion to compel arbitration. This court and the parties have engaged in substantial engagement of the judicial machinery and time, money and expense has been expended, and it's not in the best interest of anybody to send this down to the state court to now resolve the remaining state law claims. Now, we disagree strongly with the district judge's rulings dismissing our RICO and ORICO claims under the state statute and throwing out the fraud claims on an alleged pleading failure to plead a discovery of fraud by the Allen plaintiffs. And we sought a right to undertake a interlocutory appeal on a not on the interlocutory, a limited judgment appeal under our under federal rules. Sixty B, I believe it was. But the judge denied that. So we're stuck now with a case that started with the claims which we think are meritorious. The RICO claims, as the court I'm sure is aware, the law in RICO is not the easiest law to plead. And we did do amendments and added parties to try to comply with Judge Hogan's understanding of the RICO statute. So we disagree strongly with him in terms of his interpretation. But we attempted to bring it within those limitations. And we succeeded until this last motion where he on a sua sponte ruling, which was not before the court actually dismissed those claims. So he had previously allowed them to be stand in his second ruling in the Allen action. Let me ask you, in the end, how are you really prejudiced by going to arbitration now? Well, we've been prejudiced. One is. There is no answer. No answer has been filed. That's true. But no significant discovery has been completed. And whether you like it or not, the district court did eliminate the RICO claims. And under our case law, the fact that a district court judge has dismissed a portion of the complaint under 12b-6 doesn't mean that the plaintiff has acted inconsistent with their right to arbitrate or the defendant has acted. I would agree under the three prong test of the Fisher that in and of itself, a denial of a motion to dismiss does not establish grounds to deny arbitration. I think clearly, though, when you file a motion to dismiss and you obtain dismissal of substantial number of claims and so forth, there has clearly been an inconsistent action with the alleged agreement. We don't agree there was ever any agreement to arbitrate in this case. So the second prong is met with regard to the prejudice. The judge, Judge Hogan, concluded that it wasn't that just a motion to dismiss was denied or filing of a cousin. He indicated that the Lithia defendants benefited by significantly parsing the case, willowing down our things through serial motions. We're not dealing with just motions to dismiss. They filed motions to disqualify me to represent these plaintiffs. They filed a motion to consolidate. That motion they could not do. They cannot get a consolidation of separate actions, compelling them all to be arbitrated together. So they put it or all of our claims together in one consolidated action so that then they can seek to arbitrate what's left. What Lithia defendants wanted to do here and what counsel has succeeded in doing over this last five and a half years is to use a war of attrition strategy of defense, trying to make it as costly as possible, eliminate as many claims as possible and so forth over that time period. So that we will either give up or go away. And so I think that the court, the district court was clearly correct in finding that that was a prejudice to us, to us, and to the case itself. And I think that what our defense could do here and what counsel has succeeded in doing over this last five and a half years, is to use a war of attrition strategy of defense, trying to make it as costly as possible, eliminate as many claims as possible, and so forth over that time period. And so I think that the court was correct in finding that that was a prejudice to us, so you have their cake and eat it too. They wanted the benefits of the judicial machinery in terms of eliminating claims, then the benefits of our not having a jury in arbitration on a consumer plaintiff claim. That's what's happened in this case. As I indicated, there's also prejudice from the consolidation matter. What's which Ninth Circuit case that best supports your position that you suffered prejudice here? Which Ninth Circuit case? I don't believe we actually referred to a Ninth Circuit case in our briefing on the denial of a motion because of the length of time and thing, and I didn't. Well, I'm talking about prejudice. Yeah. What are cases recognized as prejudicial? I believe the Van Ness case is the one that we cited in our brief. I think that was on page 26, where the court talks about prejudice and caused by the delay. And what was the essence of prejudice there, just the delay? I believe so, and the action's inconsistent with the thing of arbitration. The case that's closest, I've got to admit this, is not out of the Ninth Circuit. It's out of the Third Circuit, which is the Hawksworth case that we cite on page 26 and 27. In Hawksworth, the reason why the Third Circuit found that the denial of the motion to compel arbitration was proper was because there had been a motion to dismiss in the case. Here we have three separate motions. We also have an answer filed by them in the Phillips action before the consolidation. There was a motion to disqualify counsel in Hawksworth. We have that here. There was a motion to consolidate, which the court found was prejudicial, which we have here. Actually, they consented to consolidation in Hawksworth. In this case, they affirmatively moved for consolidation. There was a filing of an answer, which we have in Phillips. And there were numerous motions to extend time periods, which we have here. Was there an answer filed in this case? There was an answer filed in Phillips. There was no answer filed in the Allen plaintiff's action that was consolidated. So it's mainly the what they achieved in the district court, you contend, is prejudicial to the whole idea of consolidation? It's contrary to the philosophy and reason why you have arbitration. When you have a right to a jury trial, you give that up on a voluntary agreement. We had no voluntary agreement, as we briefed, in terms of the alternative grounds here. But clearly, at this point, the whole purpose of arbitration has gone by the board. Thank you so much. Thank you. If I may just make a couple of quick points. We remain unaware of any case holding that the filing of a motion to dismiss, or even a court deciding a motion to dismiss, constitutes waiver. And this is best supported by the Ninth Circuit's decision in the Sovak case, in which the court found no waiver, despite the fact that the defendant successfully moved to dismiss the second amended complaint. The next point is that we're very respectful of the time that the district court has spent managing this case. But we do not believe that this case is at the point where waiver is appropriate. And courts have generally not ---- The Sovak case was the only thing there, just the motion to dismiss. How many motions to dismiss have been filed in there? It's not clear. It's a very short opinion, Your Honor. But that is the focus of the decision. Has there been motions to disqualify counsel, motions to consolidate? I don't believe so, Your Honor. Motion to protect the order? It's not apparent from the Ninth Circuit's decision. Okay. Thank you. Thank you. That matter is submitted at this time. Thank you. Our next case for argument is Doe v. Bergstrom.
judges: Paez, Rawlinson, Collins